In the Interest of C.A.G., a Minor.

Appeal of C.A.G., a Minor.

In the Interest of C.A.G., a Minor.

Appeal of C.A.G., a Minor.

In the Interest of E.N.J., a Minor.

Appeal of E.N.J., a Minor.

In the Interest of E.N.J., a Minor.

Appeal of E.N.J., a Minor.

In the Interest of J.F.K., a Minor.

Appeal of J.F.K., a Minor.

In the Interest of J.F.K., a Minor.

Appeal of J.F.K., a Minor.

In the Interest of J.F.K.,
a Minor, Appellee.

Appeal of J.F.K., a Minor.

In the Interest of J.M.B., a Minor.

Appeal of J.M.B., a Minor.

In the Interest of E.C., a Minor.

Appeal of E.C., a Minor.

In the Interest of D.C., a Minor.

Appeal of D.C., a Minor.

In the Interest of A.B., a Minor.

Appeal of A.B., a Minor.

Superior Court of Pennsylvania.

Submitted March 17, 2014.

Filed April 9, 2014.

---

Tara A. Matcuk, Public Defender, York, for appellants.

James E. Zamkotowicz, Assistant District Attorney, York, for Commonwealth, appellee.

BEFORE: PANELLA, J., DONOHUE, J., and MUNDY, J.

OPINION BY MUNDY, J.:

Appellants, C.A.G., E.N.J., J.F.K., J.M.B., E.C., D.C., and A.B., appeal from the dispositional orders entered following their adjudications of juvenile delinquency.[1]  After careful review, we affirm.

We summarize the relevant factual and procedural history of each of these cases as follows.  In C.A.G.'s case, on February 12, 2013, the Commonwealth filed a petition charging C.A.G. with simple assault and harassment.[2]  On February 14, 2013, the Commonwealth filed a second petition, charging C.A.G. with one count of possession of drug paraphernalia.[3]  The juvenile court conducted a hearing on February 20, 2013 at which C.A.G. admitted to all three offenses.  On April 25, 2013, the juvenile court conducted a dispositional hearing at which C.A.G. was adjudicated delinquent and placed on probation.  Relevant to this appeal, C.A.G. was ordered to pay a $25.00 Crime Victim Compensation (CVC) fee, a $23.50 Judicial Computer Filing (JCF) fee, and a $1.50 Community Service (CS) fee for each of the two petitions.  C.A.G. filed a timely post-dispositional motion on May 6, 2013, which the juvenile court denied on May 31, 2013.[4]  On June 28, 2013, C.A.G. filed a timely notice of appeal.

---

**1.**  On November 6, 2013, Appellants filed a motion to consolidate these appeals, which this Court granted by an order entered on November 21, 2013.

**2.**  18 Pa.C.S.A. §§ 2701(a)(1) and 2709(a), respectively.

**3.**  35 P.S. § 780–113(a)(32).

**4.**  A post-dispositional motion must be filed within ten days of the juvenile court's dispositional order.  See Pa.R.J.C.P. 620(B)(1) (stating, "[i]f a post-dispositional motion is filed, it shall be filed no later than ten days after the imposition of disposition[ ]").  The tenth day

In E.N.J.'s case, on February 12, 2013, the Commonwealth filed a petition, charging E.N.J. with one count each of unlawful restraint, simple assault, and harassment.[5] On February 21, 2013, the Commonwealth filed a second petition, charging E.N.J. with one count of criminal mischief.[6] The juvenile court conducted a delinquency hearing on February 26, 2013 at which E.N.J. admitted to simple assault and criminal mischief and the Commonwealth withdrew the remaining charges. The juvenile court conducted a dispositional hearing on April 25, 2013 at which the juvenile court adjudicated E.N.J. delinquent and placed him on probation. E.N.J. was ordered to pay a $25.00 CVC fee, a $23.50 JCF fee, and a $1.50 CS fee for each of the two petitions. E.N.J. filed a timely post-dispositional motion on May 3, 2013 which was denied by the juvenile court on June 12, 2013. On July 11, 2013, E.N.J. filed a timely notice of appeal.

In J.F.K.'s case, on November 27, 2012, the Commonwealth filed a petition charging J.F.K. with one count each of theft by unlawful taking and receiving stolen property.[7] On March 15, 2013, the Commonwealth filed a second petition charging J.F.K. with criminal mischief.[8] On March 20, 2013, the Commonwealth filed a third petition, charging J.F.K. with two counts of burglary, and one count each of criminal trespass and theft by unlawful taking.[9] The juvenile court conducted a delinquen-cy hearing on March 21, 2013 at which J.F.K. admitted to the charges of theft, receiving stolen property, and criminal mischief. On April 25, 2013, the juvenile court conducted a dispositional hearing at which J.F.K. admitted to criminal trespass and theft, and the Commonwealth withdrew the burglary and conspiracy to commit burglary charges. The judge adjudicated J.F.K. delinquent and placed him on probation. J.F.K. was ordered to pay a $25.00 CVC fee, a $23.50 JCF fee, and a $1.50 CS fee for each of the three petitions. J.F.K. filed a timely post-dispositional motion on May 3, 2013, which the juvenile court denied on June 12, 2013. On July 11, 2013, J.F.K. filed a timely notice of appeal.

In J.M.B.'s case, on April 26, 2013, the Commonwealth filed a petition charging J.M.B. with possession of a small amount of marijuana and possession of drug paraphernalia.[10] That same day, the Commonwealth filed a second petition, charging J.M.B. with one count each of possession of a small amount of marijuana and driving without a license.[11] The juvenile court conducted a hearing on June 17, 2013, at which J.M.B. admitted to all charges, was adjudicated delinquent, and placed in the Youth Forestry Camp # 3 First Step Program. J.M.B. was ordered to pay a $25.00 CVC fee, a $23.50 JCF fee, and a $1.50 CS fee for each of the two petitions. On June

following C.A.G.'s dispositional order was May 5, 2013, which was a Sunday. Therefore, C.A.G.'s post-dispositional motion filed on Monday, May 6, 2013 was timely. *See* 1 Pa.C.S.A. § 1908 (providing that when the last day of a calculated period of time falls on a Saturday or Sunday, such day shall be omitted from the computation).

5. 18 Pa.C.S.A. §§ 2902(a)(1), 2701(a)(1), and 2709(a)(1), respectively.

6. 18 Pa.C.S.A. § 3304(a)(5).

7. 18 Pa.C.S.A. §§ 3921(a) and 3925(a), respectively.

8. 18 Pa.C.S.A. § 3304(a)(5).

9. 18 Pa.C.S.A. §§ 3502(a)(4), 3503(a)(1)(ii), and 3921(a), respectively.

10. 35 P.S. §§ 780–113(a)(31)(i) and 780–113(a)(32), respectively.

11. 35 P.S. § 780–113(a)(31)(i) and 75 Pa. C.S.A. § 1501(a), respectively.

18, 2013, J.M.B. filed a timely post-dispositional motion, which the juvenile court denied on July 1, 2013. On July 24, 2013, J.M.B. filed a timely notice of appeal.

In E.C.'s case, on June 14, 2013, the Commonwealth filed a petition charging E.C. with one count each of burglary and theft by unlawful taking, and two counts of receiving stolen property.[12] That same day, the Commonwealth filed a second petition charging E.C. with two counts of aggravated assault.[13] On July 15, 2013, the juvenile court conducted a hearing at which E.C. admitted to burglary on the Commonwealth's first petition. As a result, the Commonwealth amended its second petition to include a charge of simple assault.[14] E.C. admitted to the simple assault charge and the Commonwealth withdrew the aggravated assault charges. The juvenile court adjudicated E.C. delinquent and placed him at a residential treatment facility. E.C. was ordered to pay a $25.00 CVC fee, a $23.50 JCF fee, and a $1.50 CS fee for each of the two petitions. On July 24, 2013, E.C. filed a timely post-dispositional motion, which the juvenile court denied on July 25, 2013. On August 23, 2013, E.C. filed a timely notice of appeal.

In D.C.'s case, on June 26, 2013, the Commonwealth filed a petition charging D.C. with one count each of burglary, criminal trespass, and theft by unlawful taking.[15] That same day, the Commonwealth filed a second petition charging D.C. with two counts each of theft by unlawful taking and conspiracy, and one count each of criminal attempt, criminal trespass, and possession of drug paraphernalia.[16] On July 18, 2013, the Commonwealth filed a third petition charging D.C. with one count each of burglary and theft by unlawful taking, two counts of criminal conspiracy, and one count each of receiving stolen property, criminal mischief and criminal trespass.[17] On July 24, 2013, the juvenile court conducted a hearing at which D.C. admitted to two counts of theft, and one count each of criminal attempt to commit theft, criminal trespass, burglary, conspiracy to commit burglary, and criminal mischief. The Commonwealth withdrew all remaining charges. The juvenile court adjudicated D.C. delinquent and placed D.C. at a residential treatment facility. D.C. was ordered to pay a $25.00 CVC fee, a $23.50 JCF fee, and a $1.50 CS fee for each of the three petitions. On August 2, 2013, D.C. filed a timely post-dispositional motion, which the juvenile court denied on August 5, 2013. On September 4, 2013, D.C. filed a timely notice of appeal.

In A.B.'s case, on May 9, 2013, the Commonwealth filed a petition charging A.B. with four counts of driving under the influence of a controlled substance—impaired ability (DUI) and one count each of failure to report an accident, failure to give immediate notice to police, careless driving, and disregarding traffic lanes.[18] That same day, the Commonwealth filed a second petition charging A.B. with possession of

---

12. 18 Pa.C.S.A. §§ 3502(a)(4), 3921(a), and 3925(a), respectively.

13. 18 Pa.C.S.A. § 2702(a)(5).

14. 18 Pa.C.S.A. § 2701(a).

15. 18 Pa.C.S.A. §§ 3502(a)(2), 3503(a)(1)(ii), and 3921(a), respectively.

16. 18 Pa.C.S.A. §§ 3921(a), 903(c), 901(a), 3503(b)(1)(iii), and 35 P.S. § 780–113(a)(32), respectively.

17. 18 Pa.C.S.A. §§ 3502(a)(2), 3921(a), 903(c), 3925(a), 3304(a)(1), 3503(a)(1)(ii), respectively.

18. 75 Pa.C.S.A. §§ 3802(d)(2), 3802(d)(1)(i), 3802(d)(1)(ii), 3802(d)(1)(iii), 3744(b), 3746(a)(2), 3714(a), and 3309(1), respectively.

drug paraphernalia, possession of a controlled substance, and purchase of alcohol by a minor.[19] On June 4, 2013, the juvenile court conducted a hearing at which A.B. admitted to one count each of DUI, careless driving, possession of drug paraphernalia, and possession of a controlled substance. The Commonwealth withdrew the remaining charges. On July 29, 2013, the juvenile court conducted a dispositional hearing at which the juvenile court adjudicated A.B. delinquent and placed A.B. in a residential treatment facility. A.B. was ordered to pay a $25.00 CVC fee, a $23.50 JCF fee, and a $1.50 CS fee for each of the two petitions. On August 8, 2013, A.B. filed a timely post-dispositional motion, which the juvenile court denied on August 13, 2013. On September 11, 2013, A.B. filed a timely notice of appeal.

On appeal, Appellants raise four issues for our review.[20]

1. Whether the [juvenile] court issued an illegal sentence by applying crime victim compensation ("CVC"), judicial computer filing ("CF"), and community service ("CS") fees to the above adjudicated minor[s] on a per juvenile petition/docket entry basis as opposed to directing fees on a per adjudication basis?

2. Whether the [juvenile] court erred when it failed to adhere to the plain meaning of the CVC statute as found at 18 P.S. § 11.1101(a)(3) specifying the adjudication of delinquency as the fee-triggering event and not the number of crimes that amounted to the delinquency adjudication?

3. Whether the [juvenile] court erred when it failed to consider the plain meaning, legislative intent, and rule

of lenity within the CF statutes as found at 42 Pa.C.S. § 3733(A.1) and 204 Pa.Code § 29.351(d) specifying payment following an initiation of a criminal proceeding and not each charge within a proceeding?

4. Whether the [juvenile] court abused its discretion when it arbitrarily applied the CS fee to each charge without reference to any known Pennsylvania rule or statute, thereby compounding the total fee amount the juvenile would be required to pay?

Appellants' Brief at 9.

We begin by noting our well-settled standard of review. The Juvenile Act grants juvenile courts broad discretion when determining an appropriate disposition. *In re R.D.*, 44 A.3d 657, 664 (Pa.Super.2012), *appeal denied*, 618 Pa. 677, 56 A.3d 398 (2012). In addition, "[a] petition alleging that a child is delinquent must be disposed of in accordance with the Juvenile Act. Dispositions which are not set forth in the Act are beyond the power of the juvenile court." *Id.* (citation omitted). We will disturb a juvenile court's disposition only upon a showing of a manifest abuse of discretion. *Id.* However, when the resolution of an issue turns on the interpretation of a statute, our review is *de novo*. *Commonwealth v. M.W.*, 614 Pa. 633, 39 A.3d 958, 962 (2012).

When construing a statute, our objective is to ascertain and effectuate the legislative intent. 1 Pa.C.S.A. § 1921(a). "In pursuing that end, we are mindful that '[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.'" *Commonwealth v. Shiffler*, 583 Pa. 478, 879 A.2d 185, 189

---

19. 35 P.S. §§ 780–113(a)(32), 780–113(a)(16), and 18 Pa.C.S.A. § 6308(a), respectively.

20. As to all appeals, Appellants and the juvenile court have complied with Pa.R.A.P. 1925.

(2005), *citing* 1 Pa.C.S.A. § 1921(b). In addition, "[w]hen the language of a statute is clear and unambiguous, the judiciary must read its provisions in accordance with their plain meaning and common usage." *Commonwealth v. Love*, 957 A.2d 765, 767 (Pa.Super.2008). However, when the words of a statute are not explicit, courts should resort to other considerations including the General Assembly's intent in enacting the provision. *Commonwealth v. Diamond*, 945 A.2d 252, 256 (Pa.Super.2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008), *citing* 1 Pa.C.S.A. § 1921(c). In addition, we observe that our Supreme Court has concluded the Juvenile Act is rehabilitative in nature and must therefore be liberally construed. *Commonwealth v. Iafrate*, 527 Pa. 497, 594 A.2d 293, 295 (1991), *citing* 1 Pa.C.S.A. § 1928(c).

We elect to address Appellants' first two issues together. Appellants complain that the juvenile court improperly calculated the amounts for the CVC Fee, the JCF Fee, and the CS Fee. Appellants' Brief at 24, 25, 28. They argue that the juvenile court should have imposed each fee only once for each juvenile. *Id.*

We begin with the statutory text surrounding each of these fees. The CVC fee is to be assessed against defendants as follows.

### § 11.1101. Costs

**(a) Imposition.**

. . .

(3) A juvenile shall pay costs of at least $25 if any of the following apply to the case:

(i) There is a consent decree.

(ii) **There is an adjudication of delinquency.**

18 P.S. § 11.1101(a)(3) (emphasis added). Likewise, the JCF fee is to be computed pursuant to the following statutory language.

### § 29.351. Definitions.

. . .

(d) *Court of Common Pleas. Clerk of Court.*

1. Except for the provisions of subsection (g) below, for purposes of 42 Pa.C.S. §§ 3733(a.1) and 3733.1, a statutory fee of twelve dollars and twenty-five cents ($12.25) shall be imposed upon conviction, guilty plea, or when a defendant is granted entry into an Accelerated Rehabilitative Disposition (ARD) or other pretrial diversionary program based upon the initiation of any criminal proceeding. The initiation of a criminal proceeding shall include:

. . .

iii. **cases involving juvenile defendants where a petition alleging delinquency has been filed in the Court of Common Pleas;**

. . .

204 Pa.Code § 29.351(d)(1)(iii) (emphasis added). Finally, the CS fee is to be collected as follows.

### § 6352. Disposition of delinquent child

**(a) General rule.**—If the child is found to be a delinquent child the court may make any of the following orders of disposition determined to be consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation and welfare, which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable the child to become a responsible and productive member of the community:

. . .

(5) Ordering payment by the child of reasonable amounts of money as fines, costs, fees or restitution as deemed appropriate as part of the plan of rehabilitation considering the nature of the acts committed and the earning capacity of the child, including a contribution to a restitution fund. The president judge of the court of common pleas shall establish a restitution fund for the deposit of all contributions to the restitution fund which are received or collected. The president judge of the court of common pleas shall promulgate written guidelines for the administration of the fund. Disbursements from the fund shall be made, subject to the written guidelines and the limitations of this chapter, at the discretion of the president judge and used to reimburse crime victims for financial losses resulting from delinquent acts. For an order made under this subsection, the court shall retain jurisdiction until there has been full compliance with the order or until the delinquent child attains 21 years of age. Any restitution order which remains unpaid at the time the child attains 21 years of age shall continue to be collectible under section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties).

. . .

42 Pa.C.S.A. § 6352(a)(5).

In their first two issues, Appellants argue that the juvenile court lacked authority under these statutes to impose the above-mentioned fees on a per juvenile petition basis. Appellants' Brief at 24, 25, 28. Rather, Appellants aver that "the adjudication of delinquency is the triggering event for the imposition of the . . . fee[s.]" *Id.* at 24; *accord id.* at 25, 28. The Com-

monwealth counters that "[i]n this case the juvenile[s] had two [or three] delinquency petitions pending before the [juvenile] court, [and they were] adjudicated delinquent on [all] of them[;] therefore [Appellants'] claim that the [juvenile] court acted illegally is absurd." Commonwealth's Brief at 6.

Under the Juvenile Act, the Commonwealth initiates juvenile delinquency proceedings through the filing of a petition. Rule 332 of the Rules of Juvenile Court Procedure permits the Commonwealth to file multiple petitions or a single petition.

**Rule 332. Multiple Offenses in Petition**

**A. Different incidents.** When more than one offense is alleged to have been committed within a judicial district by a juvenile arising from different delinquent episodes, one petition may be filed. However, each incident shall be described separately in conformity with the requirements of Rule 330(C)(4)-(6).

**B. Same incidents.** When more than one offense is alleged to have been committed within a judicial district by a juvenile arising from the same delinquent episode, a single petition shall be filed.

Pa.R.J.C.P. 332. The juvenile court likewise has discretion to hold one adjudicatory hearing for multiple petitions.

**Rule 351. Adjudicatory Hearing on Separate Petitions**

**A. Standards.** An adjudicatory hearing may be held for:

(1) offenses alleged in separate petitions if the evidence of each of the offenses would be admissible in a separate adjudicatory hearing for the other;

(2) offenses alleged in separate petitions if the offenses alleged are based on the same act or transaction;

(3) juveniles alleged in separate petitions if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions.

**B. Procedure.**

(1) Oral or written notice that offenses or juveniles alleged in separate petitions will be heard together shall be given to the juvenile's attorney or the juvenile, if unrepresented, prior to the adjudicatory hearing. If the notice is written, a copy of the notice shall be filed with the clerk of courts. (2) When notice has not been given under paragraph (B)(1), any party may move to consolidate the adjudicatory hearing for separate petitions. The motion ordinarily shall be included in an omnibus motion.

*Id.* at 351.[21] At the conclusion of the adjudicatory hearing, the juvenile court is required to enter adjudications of delinquency for **each** petition filed. Our Supreme Court has recently suggested this is the case.

Under the Juvenile Act, a juvenile proceeding may be commenced, *inter alia,* by the filing **of a petition** alleging that the juvenile has committed delinquent acts. **Once a petition** has been filed, the juvenile court conducts an adjudicatory hearing at which evidence **on the delinquency petition** is heard. Within seven days of hearing evidence **on the delinquency petition,** the juvenile court must determine whether the juvenile committed the acts ascribed to the child. If the juvenile court finds that the allegations of delinquency have not been established, it must dismiss **the delinquency petition.** If, however, the court concludes the juvenile committed the delinquent acts alleged **in the delinquency petition,** it must enter such finding on the record, specifying the particular offense, including the grading and counts thereof, which the juvenile is found to have committed. Upon finding the juvenile committed the delinquent acts ascribed to him, the court must then determine whether the juvenile is in need of treatment, supervision or rehabilitation[.]

*M.W., supra* at 962–963 (internal citations omitted; emphases added).

██ In the cases *sub judice,* it is undisputed that as to each Appellant, the Commonwealth exercised its discretion to file multiple petitions as to the juvenile since each alleged delinquent conduct arose from different factual episodes. It is further undisputed that as to each juvenile, each one admitted to at least one offense on each petition filed against him or her.[22] The dispute between Appellants and the Commonwealth stems from the fact that the juvenile court elected to proceed on all of the petitions filed against each juvenile in one adjudicatory hearing per juvenile. As we note above, the juvenile court was authorized to proceed in this manner. *See* Pa.R.J.C.P. 351(A)(1). Appellants argue that the juvenile court's decision to conduct one hearing for multiple petitions resulted in one adjudication of delinquency

---

**21.** The juvenile court retains the discretion to order separate adjudication hearings for different offenses, or even different juveniles, "if it appears that offenses or juveniles being heard together may prejudice any party." Pa. R.J.C.P. 352.

**22.** We note that the rule governing admissions of offenses by juveniles also speaks to the admission following the petition filed by the Commonwealth as the guiding instrument. *See* Pa.R.J.C.P. 407(A) (stating in general that, "[a]t any time **after a petition is filed,** the juvenile may tender an admission to some or all of the delinquent acts charged[ ]") (emphasis added).

for the purposes of the imposition of fees. The Commonwealth disagrees.

After careful review, we conclude that Appellants' issue lacks merit. As noted above, the filing of a petition by the Commonwealth is what triggers the juvenile delinquency proceedings. The Commonwealth is permitted to file multiple petitions as long as each petition pertains to one criminal episode. *See id.* at 332(B). Although the juvenile court may proceed on multiple petitions in one adjudicatory hearing, in our view, this did not alter the nature of the adjudication. Absent consolidation, the admission of one or more offenses on more than one petition filed by the Commonwealth resulted in more than one adjudication of delinquency.[23] This conclusion is in harmony with the provisions of the Juvenile Act, the Rule of Juvenile Court Procedure, and our Supreme Court's characterization as to how both are to be put into practice. *See M.W., supra.* As a result, we conclude that the juvenile court properly assessed the fees from each juvenile on a per adjudication basis, because there were indeed multiple adjudications of delinquency entered against each juvenile. Therefore, Appellants' first two issues lack merit.

In their third issue, Appellants aver that the JCF fee should not have been assessed because of an internal conflict within Section 29.351(d). Appellants' Brief at 30. The main provision, Section 29.351(d)(1) which speaks to fees being assessed "upon conviction, guilty plea, or when a defendant is granted entry into an Accelerated Rehabilitative Disposition (ARD) or other pretrial diversionary program based upon the initiation of any criminal proceeding." 204 Pa.Code § 29.351(d)(1). The competing text is at Section 29.351(d)(1)(iii), which states that the term "initiation of any criminal proceeding" includes "cases involving juvenile defendants where a petition alleging delinquency has been filed in the Court of Common Pleas[.]" *Id.* § 29.351(d)(1)(iii). To the extent that Appellants argue in this issue that the time of adjudication controls the imposition of the fee rather than the filing of the petition, we reject that argument for all of the reasons stated in our resolution of the first two issues on appeal.

However, Appellants also argue that by including the terms conviction and guilty plea in the main section, the subsection speaking to juvenile defendants should be read out of the regulation.[24] Appellants' Brief at 30–31. It is axiomatic that adjudications of juvenile delinquency are not criminal convictions. *Commonwealth v. Hale*, 85 A.3d 570, 582 (Pa.Super.2014). It is equally true that "[i]f an interpretive regulation is unwise or violative of legislative intent, courts disregard it." *Slippery Rock Area Sch. Dist. v. Unemployment Compensation Bd. of Review*, 603 Pa. 374, 983 A.2d 1231, 1237 (2009) (internal quotation marks and citation omitted). However, the argument raised here is not whether the regulation comports with the underlying statute, but rather which part of the regulation should control if different parts are in conflict with each other.

---

23. We express no opinion on whether the analysis would be different had the Commonwealth elected to proceed under Rule 351(A) and allege multiple offenses arising from multiple factual episodes in one single petition. *See, e.g.,* Pa.R.J.C.P. 351(A).

24. Although the Appellants and the Commonwealth refer to the "Legislature" throughout this argument, we note that these regulations are actually promulgated by the Court Administrator of Pennsylvania as directed by our Supreme Court. *See generally* 204 Pa.Code § 29.353.

As noted above, the general part of the regulation limits itself to "conviction[s], guilty plea[s], or when a defendant is granted entry into [a] ... pretrial diversionary program[.]" 204 Pa.Code § 29.351(d)(1). However, the imposition of the fee is also to be "based upon the initiation of any criminal proceeding[.]" *Id.* Appellants argue that we must reject the regulation's definition of "any criminal proceeding" based upon language that precedes that term. Appellants have not provided any legal authority that would permit us to do so. Because Appellants have not raised any argument to the contrary, we must decide this case on the assumption that the regulation is reasonable and does not violate the underlying statute authored by the General Assembly. Once that hurdle is cleared, the text of the regulation is clear, "criminal proceeding" includes "cases involving juvenile defendants where a petition alleging delinquency has been filed[.]" *Id.* § 39.251(d)(1)(iii). As there is no dispute that all of these cases fit squarely within that definition, Appellants' third issue lacks merit. *See Love, supra; Shiffler, supra.*

In their fourth and final issue, Appellants aver that the CS fee was improperly assessed against all of the juveniles for two reasons. Specifically, Appellants argue, "[t]here is no statutory language that authorizes this particular fee, or any language allowing multiple assessments of the fee." Appellants' Brief at 33. As in their third issue, to the extent Appellants aver that the juvenile court improperly imposed multiple fees per adjudication of delinquency, we reject that argument for the reasons given in our resolution of the first two issues in this appeal.

■ To the extent Appellants argue that the CS fee is not legislatively authorized in the first place, the Commonwealth counters that the fee is authorized by Section 6352(a)(5) of the Juvenile Act, which we reproduce again below.

## § 6352. Disposition of delinquent child

**(a) General rule.**—If the child is found to be a delinquent child the court may make any of the following orders of disposition determined to be consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation and welfare, which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable the child to become a responsible and productive member of the community:

. . .

(5) **Ordering** payment by the child of reasonable amounts of money as fines, costs, **fees** or restitution as deemed appropriate as part of the plan of rehabilitation considering the nature of the acts committed and the earning capacity of the child, **including a contribution to a restitution fund.** The president judge of the court of common pleas shall establish a restitution fund for the deposit of all contributions to the restitution fund which are received or collected. The president judge of the court of common pleas shall promulgate written guidelines for the administration of the fund. Disbursements from the fund shall be made, subject to the written guidelines and the limitations of this chapter, at the discretion of the president judge and used to reimburse crime victims for financial losses resulting from delinquent acts. For an order made under this subsection, the court shall retain jurisdiction until there has been full compliance with the order or

until the delinquent child attains 21 years of age. Any restitution order which remains unpaid at the time the child attains 21 years of age shall continue to be collectible under section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties).

. . .

42 Pa.C.S.A. § 6352(a)(5) (emphases added).

Both parties agree that the CS fee imposed in these cases was "instituted . . . to support the Community Service Fund[ ]" in York County. Commonwealth's Brief at 9; *see also* Appellants' Brief at 33. "Specifically, this fee pays into a fund to support payment of restitution through juvenile defendants' completion of community service." Commonwealth's Brief at 9. Appellants do not make any argument in their brief disputing the purpose of this fee or the fund it supports. As the statute's text expressly contemplates "contribution to a restitution fund" and the CS fee here does exactly that, Appellants final issue on appeal fails. *See Love, supra; Shiffler, supra.*

Based on the foregoing, we conclude that all of Appellants' issues lack merit. Accordingly, the dispositional orders entered by the juvenile court in these cases are affirmed.

Dispositional orders affirmed.