J-S59014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN RE: L.W.                :      IN THE SUPERIOR COURT OF
                                 :           PENNSYLVANIA
                                 :

APPEAL OF: L.W.           :      No. 2842 EDA 2013

Appeal from the Dispositional Order Entered August 13, 2013,
In the Court of Common Pleas of Philadelphia County,
Juvenile Division, at Nos. CP-51-JV-0040075-2010,
CP-51-JV-0040108-2010, CP-51-JV-0040127-2010,
CP-51-JV-0050441-2007, CP-51-JV-0070191-2007
and CP-51-JV-0110326-2006.

BEFORE:  SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:         **FILED DECEMBER 16, 2014**

Appellant, L.W., appeals from the dispositional order[1] entered on August 13, 2013, by the Philadelphia County Court of Common Pleas.  We affirm.

At the time of the disposition hearing on August 13, 2013, Appellant was nineteen years old.[2]  Appellant's Brief at 8.  A review of the record reveals that in November 2006, at the age of twelve and while in the sixth grade, Appellant was arrested on charges of robbery, theft, conspiracy, possession of an instrument of crime, simple assault, receiving stolen property, and reckless endangerment.  He ultimately was adjudicated

---

*Retired Senior Judge assigned to the Superior Court.

[1]  We have corrected the caption to reflect that the appeal is from the dispositional order.

[2]  Appellant remained a "child" as defined in the Juvenile Act, 42 Pa.C.S. § 6302.  ***In re J.M.***, 42 A.3d 348, 353 (Pa. Super. 2012).

delinquent on May 29, 2007, for simple assault and theft, and the remaining charges were withdrawn. The juvenile court summarized the ensuing facts and history as follows:

> [Appellant] was previously adjudicated delinquent and placed at two different delinquent institutions. N.T., pp. 2-3. After his latest discharge from placement, [Appellant] was placed on probation by this Court. [Appellant's] adjustment to probation was "unsatisfactory." *Id*. [Appellant] failed to meet with his probation officer on several occasions. *Id*. [Appellant] also tested positive for the illegal use of drugs while on probation. *Id*. [Appellant] has an unpaid restitution balance of $2,715.99. Also while on probation (but following his eighteenth birthday), [Appellant] was arrested. *Id*. As a result of that arrest, [Appellant] was convicted of theft (18 Pa.C.S.A. § 3921 graded as a felony), criminal conspiracy (18 Pa.C.S.A. § 903 graded as a felony), possession of a firearm without a license (18 Pa.C.S.A. § 6106 graded as a felony), and possession of a firearm with an altered serial number (18 Pa.C.S.A. § 6110.2 graded as a felony). N.T., pp. 2-3; *see also* Docket for CP-51-CR-0001838-2012. [Appellant] was incarcerated in adult prison for 18 months as a result of his theft and firearm conviction. N.T., pp. 2-4; *see also* Docket for CP-51-CR-0001838-2012.
>
> At the disposition hearing, even counsel for [Appellant] conceded "obviously there are the underlying violations that he [Appellant] wasn't complying with probation." N.T., p. 4.
>
> Accordingly, this Court entered a dispositional order committing [Appellant] to the State . . . .

Juvenile Court Opinion, 12/10/13, at 2–3.

Appellant filed a post-dispositional motion, titled Motion for Reconsideration of Commit,[3] on August 23, 2013, which was denied on

---

[3] A post-dispositional motion must be filed within ten days of the juvenile court's dispositional order. **See** Pa.R.J.C.P. 620(B)(1) ("[I]f a post-

J-S59014-14

August 26, 2013. Appellant thereafter filed a notice of appeal, and both the

juvenile court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following single issue in this appeal:[4]

Did not the lower court abuse its discretion and violate the purposes of the Juvenile Act, 42 Pa.C.S.A. § 6301(b), by committing appellant, a juvenile, to secure placement with the State, which was not the least restrictive alternative needed to rehabilitate, supervise, and treat him?

Appellant's Brief at 3.

Appellant concedes that it is undisputed that he violated the terms of

his juvenile probation by failing to comply with its terms when he incurred

new criminal convictions. Appellant's Brief at 8. Indeed, his probation

officer, Nicole Marchiano, testified as follows:

Your Honor, on August 2nd, 2013, ordered [the] Probation Officer to plan for placement. [Appellant] is currently held in the Juvenile Justice Service Center. He recently was released from the House of Corrections, after serving 18 to 23 months. He was also sentenced to eight years of adult probation on VUFA charges. His adjustment to probation has been unsatisfactory. He missed several visits. His last drug screen before being placed for the 18 to 23 months was positive. He owes a total of $2,715.99. . . . [H]e has already been to Saint Gabe's, Abraxis with the State twice . . . .

N.T., 8/13/13, at 2–3.

---

dispositional motion is filed, it shall be filed no later than ten days after the imposition of disposition."). *In re C.A.G.*, 89 A.3d 704, 706 (Pa. Super. 2014).

[4] Appellant has abandoned a second issue set forth in his Pa.R.A.P. 1925(b) statement that asserted there was no evidence Appellant had failed to make restitution payments and that such failure was willful.

Appellant maintains that the juvenile court failed to provide reasons for the dispositional order and failed to provide rationale explaining why confinement in a youth development center[5] was the least restrictive intervention consistent with the rehabilitation, supervision, and treatment needs of Appellant. Appellant's Brief at 9–10, 11. He further contends that the juvenile court's disposition was "not imposed to rehabilitate [A]ppellant, but rather to punish him for failing to pay restitution." *Id*. at 16.[6]

Our standard of review of dispositional orders in juvenile proceedings is well settled. The Juvenile Act grants juvenile courts broad discretion when determining an appropriate disposition. *In re C.A.G.*, 89 A.3d 704, 709 (Pa. Super. 2014). We will not disturb a disposition absent a manifest abuse of discretion. *In re R.D.*, 44 A.3d 657, 664 (Pa. Super. 2012).

The purposes of the Juvenile Act include, *inter alia*:

**(b) Purposes.--**This chapter shall be interpreted and construed as to effectuate the following purposes:

* * *

---

[5] Appellant was committed to State Department of Public Welfare at YDC Cresson. Order, 8/26/13, at 1.

[6] To the extent Appellant makes a passing, one-sentence reference to the Fourteenth Amendment, Appellant's Brief at 15, that contention is waived for failure to raise it below. *See*, *e.g.*, *Commonwealth v. Krum*, 533 A.2d 134, 135–136 (Pa. Super. 1987) (*en banc*) (finding issues of constitutional dimension are waived where not preserved below); *Commonwealth v. Haughwout*, 837 A.2d 480, 486 (Pa. Super. 2003) (same).

> (2) Consistent with the protection of the public interest, to provide for children committing delinquent acts programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community.
>
> (3) To achieve the foregoing purposes in a family environment whenever possible, separating the child from parents only when necessary for his welfare, safety or health or in the interests of public safety.

42 Pa.C.S. § 6301(b)(2), (3).

The juvenile court did not lose sight of the Juvenile Act's purposes. In the words of the juvenile court judge, "[Appellant] and I have been doing this dance for a very long time[,] and for some reason he continues to navigate towards the Criminal Justice System." N.T., 8/13/13, at 6. Thus, the judge, who was thoroughly familiar with Appellant's case, was uniquely poised to rule regarding Appellant's placement. Indeed, contrary to Appellant's contention that the juvenile court failed to offer reasons for the commitment, the record reveals that it provided powerful reasons for its decision to finally commit Appellant to the Pennsylvania Department of Welfare.

> [T]his Court entered a dispositional order committing [Appellant] to the State based upon, *inter alia*, the failed prior attempts to rehabilitate [Appellant] through probation and less restrictive placements, [Appellant's] criminal conduct while on probation, [Appellant's] illegal drug use while on probation, and [Appellant's] failure to satisfy his restitution obligations.

Juvenile Court Opinion, 12/10/13, at 3. Appellant's unsupportable focus on the fact that the juvenile court included Appellant's nonpayment of restitution as a basis for its decision overstates the court's reference to Appellant's outstanding restitution while ignoring the many other reasons cited by the court that compelled placement.

As noted above, Appellant's probation officer explained that Appellant's adjustment to probation had been unsatisfactory. N.T., 8/13/13, at 3. She also testified that Appellant's repeated experiences at other juvenile treatment facilities had failed to dissuade Appellant from further criminal conduct. *Id*. at 2–3. Moreover, Appellant tested positive for narcotics use and repeatedly failed to report for probation. *Id*. at 2. Finally, in addition to violating probation on six cases by committing new crimes including firearms offenses, Appellant failed to comply with the terms of his after-care probation. *Id*. at 3–4.

Upon review, we discern no basis to disrupt the juvenile court's disposition, and we conclude the record supports the juvenile court's analysis. Moreover, the record supports the juvenile court's determination that Appellant's claim that placement with the State is not the least restrictive alternative necessary to rehabilitate, supervise, and treat him is unavailing. The court stated:

> [Appellant] has unequivocally demonstrated that he cannot be adequately or safely supervised in the community. This Court

attempted to treat and rehabilitate [Appellant] through probation and placement in two delinquent facilities less restrictive than placement with the State. Unfortunately, these prior attempts to rehabilitate and treat [Appellant] via less restrictive alternatives did not achieve those goals. Accordingly, this Court was left with no less restrictive alternatives in its effort to rehabilitate, supervise, and treat [Appellant].

Juvenile Court Opinion, 12/10/13, at 4. The record simply does not reflect that the disposition imposed is a manifest abuse of discretion.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2014