J-A19028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.P., A JUVENILE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.P., A JUVENILE | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2508 EDA 2016 |

Appeal from the Order July 6, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-JV-0000439-2016

BEFORE: BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 21, 2017**

Appellant, S.P., appeals from the July 6, 2016 Order of Disposition entered in the Court of Common Pleas of Montgomery County, which ordered Appellant to serve a period of probation after being adjudicated delinquent for Involuntary Deviate Sexual Intercourse, Indecent Assault, and Indecent Exposure.[1]  After careful review, we remand with instructions.

A detailed recitation of the facts is unnecessary to our disposition.  In sum, on May 13, 2016, 15-year-old Victim and her friend, E.H., met 16-year-old Appellant at a park around 11:00 P.M. to smoke marijuana.  When Victim was leaving, Appellant requested payment in the form of money or sex.  When Victim refused, Appellant instructed E.H. to leave them alone.

---

[1] 18 Pa.C.S. § 3123(a)(1); 18 Pa.C.S. § 3126(a)(2); and 18 Pa.C.S. § 3127(a), respectively.

Once E.H. walked away, Appellant proceeded to forcefully touch Victim's buttocks, put his hand inside Victim's leggings, and rub Victim's vaginal area over her underwear. Appellant exposed his penis, grabbed the back of Victim's neck, and said "give me a quick bop," which is slang for oral sex. Victim repeatedly refused Appellant's advances, told Appellant to get off her, and pushed Appellant away. E.H. returned and Victim and E.H. left the park.

Later that evening, Appellant sent Victim a Snapchat message referencing their encounter. Victim took a picture of the Snapchat message using her cell phone ("screen shot"), which the Commonwealth entered into evidence during the adjudicatory hearing without objection.

On June 17, 2016, after an adjudicatory hearing, the juvenile court adjudicated Appellant delinquent. On July 6, 2016, the juvenile court held a dispositional hearing and placed Appellant on probation until further order of the court. Appellant did not file a post-dispositional motion pursuant to Pa.R.J.C.P. 620. Appellant timely appealed. Both Appellant and the juvenile court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Was the evidence insufficient to find that [Appellant] committed the crimes of [18 Pa.C.S. § 3123]: Involuntary Deviate Sexual Intercourse, Forcible Compulsion, F-1, [18 Pa.C.S. § 3126]: Indecent Assault, Forcible Compulsion, M-1, and [18 Pa.C.S. § 3127]: Indecent Exposure, M-2?

2. Did the evidence establish that Commonwealth Exhibit C-5, a [Snapchat] screen shot, was written by [Appellant] and/or forwarded by [Appellant] to [Victim]?

3. Did the [juvenile court] give undue weight to Commonwealth Exhibit C-5, a [Snapchat] screen shot, that was entered into evidence without being properly authenticated by the prosecution?

4. Was Commonwealth Exhibit C-5, a [Snapchat] screen shot, altered and changed by [Victim] diminishing the relevance and weight of the evidence?

5. Does the surveillance video marked as Commonwealth Exhibit 8 reveal that no assault occurred in the park?

6. Did the [juvenile court] abuse its discretion by ignoring the evidence of the surveillance video marked as Commonwealth Exhibit 8 giving the time of the alleged assault and Defense Exhibit 1, the discovery compact disc containing the times of the text messages between [Victim] and her mother indicating that the victim was texting her mother at the time of the alleged assault?

7. Did the [juvenile court] abuse its discretion by not giving [Appellant]'s character evidence sufficient weight?

Appellant's Brief at 4-5 (reordered for ease of disposition).

Our standard of review of dispositional orders in juvenile proceedings is well settled. The Juvenile Act grants broad discretion to juvenile courts when determining an appropriate disposition. *In re C.A.G.*, 89 A.3d 704, 709 (Pa. Super. 2014). We will not disturb the juvenile court's disposition absent a manifest abuse of discretion. *In Interest of J.G.*, 145 A.3d 1179, 1184 (Pa. Super. 2016).

Appellant first challenges the sufficiency of the evidence, averring that the evidence was insufficient to support Appellant's adjudication of

delinquency for Involuntary Deviate Sexual Intercourse, Indecent Assault, and Indecent Exposure. Appellant's Brief at 4. We find this issue to be waived.

Pennsylvania Rule of Appellate Procedure 1925(b) provides, *inter alia*, that, in a statement of matters complained of on appeal, an appellant "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge[,]" and issues that are not properly raised are deemed waived. Pa.R.A.P. 1925(b)(4). This Court has repeatedly stated, "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements [of the challenged offense] upon which the appellant alleges that the evidence was insufficient." **In Interest of J.G.**, **supra** at 1189 (citation and quotation omitted). Such specificity is of particular importance in cases where an appellant is convicted of multiple crimes and each crime contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. **Id.**

Appellant was adjudicated delinquent for three separate crimes, each of which contained numerous elements. In his Rule 1925(b) Statement, Appellant presented his challenge to the sufficiency of the evidence as follows:

Was the evidence insufficient to find that [Appellant] committed the crimes of [18 Pa.C.S. § 3123]: Involuntary Deviate Sexual Intercourse, Forcible Compulsion, F-1, [18 Pa.C.S. § 3126]: Indecent Assault, Forcible Compulsion, M-1, and [18 Pa.C.S. § 3127]: Indecent Exposure, M-2?

Appellant's Statement of Matters Complained of on Appeal, filed 9/29/16, at ¶1. Appellant utterly failed to specify which elements of which crimes he is challenging for lack of sufficient evidence. We conclude Appellant has, thus, waived this issue. ***See In Interest of J.G., supra***.[2]

Appellant next challenges the authenticity of the Snapchat screen shot that the Commonwealth introduced and entered into evidence as Commonwealth Exhibit C-5. He contends that the Commonwealth failed to establish that the screen shot "was written by the [Appellant] and/or forwarded by [Appellant] to [Victim]." Appellant's Brief at 4. A review of the record reveals that Appellant did not object to the screen shot's authenticity or introduction into evidence during the adjudicatory hearing. Accordingly, Appellant has failed to preserve this issue for appeal, and, thus,

---

[2] Likewise, Appellant fails to develop this issue properly in his Brief by again failing to specify which elements of which crimes he is challenging for lack of sufficient evidence. Accordingly, even if preserved, this claim is waived for lack of development. ***See*** Pa.R.A.P. 2119(a)-(b) (requiring a properly developed argument for each question presented including a discussion of and citation to authorities in appellate brief); ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1262 (Pa. Super. 2014) (*en banc*) (stating failure to conform to the Rules of Appellate Procedure results in waiver of the underlying issue).

it is waived. **See** Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Appellant's next five issues all challenge the weight of the evidence. Generally, a weight of evidence claim is "addressed to the discretion of the judge who actually presided at trial." **In re J.B.**, 106 A.3d 76, 95 (Pa. 2014) (citations and quotation omitted). Once a trial court rules on a weight claim, this Court can then review the trial court's ruling for an abuse of discretion. **Id.**

Appellant did not raise his weight challenges in a post-dispositional motion pursuant to Pa.R.J.C.P. 620.[3] Rather, Appellant raised these challenges for the first time in his Rule 1925(b) Statement. Although the juvenile court addressed the challenges in its Rule 1925(a) Opinion, our precedential case law requires that we remand the case to give Appellant the opportunity to file a post-dispositional motion *nunc pro tunc* challenging the weight of the evidence so that the juvenile court can render a specific ruling.

The Pennsylvania Supreme Court recently determined that in juvenile delinquency matters, unlike in adult criminal cases, the failure to preserve a weight of the evidence challenge in a post-dispositional motion does not

---

[3] Rule 620(A), entitled "Optional Post-Dispositional Motion[,]" gives parties the right to make a post-dispositional motion and states, *inter alia*, that "[i]ssues raised before or during the adjudicatory hearing shall be deemed preserved for appeal whether or not the party elects to file a post-dispositional motion on those issues." Pa.R.J.C.P. 620(A).

result in automatic waiver of the claim on appeal. *In re J.B., supra*, at 98. Like Appellant here, the juvenile defendant in *In re J.B.*, did not file a post-dispositional motion, but raised a challenge to the weight of evidence in his Rule 1925(b) Statement, which prompted the trial court to address the issue in its Rule 1925(a) Opinion. *Id.* at 89-90. In concluding that the issue had not been waived, our Supreme Court specifically recognized that a finding of waiver in juvenile proceedings has a harsher consequence for a juvenile than a similarly situated adult criminal defendant. The Court noted that a juvenile cannot raise such a challenge under the Post-Conviction Relief Act, and "the absence of that avenue of collateral relief for [a juvenile appellant] provides a stronger reason to decline to impose waiver[.]" *In re J.B., supra* at 98. The Court then concluded that the appropriate remedy is to remand the case to the juvenile court for the filing of a post-dispositional motion *nunc pro tunc* challenging the weight upon which the court could then make a specific ruling. *Id.*

Like the juvenile appellant in *In re J.B.*, Appellant here raised his challenge to the weight of the evidence for the first time in his Rule 1925(b) Statement. Although the juvenile court addressed the weight of the evidence challenge in its Rule 1925(a) Opinion, *In re J.B.* requires that we remand the case to give Appellant the opportunity to file a post-dispositional motion *nunc pro tunc* challenging the weight of the evidence. *See also Interest of J.G., supra* at 1187-88 (following *In re J.B.* and remanding to

permit the juvenile to file a post-dispositional motion *nunc pro tunc* challenging the weight of evidence).

In sum, we conclude that Appellant waived his challenges to the sufficiency of the evidence and the authenticity of the Snapchat screen shot. We remand for further proceedings limited to Appellant's challenge to the weight of the evidence.

Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2017