J-A24021-23

2024 PA Super 34

IN THE INTEREST OF: N.M., A : IN THE SUPERIOR COURT OF
MINOR : PENNSYLVANIA
:
:
:
:
APPEAL OF: N.M. :
:
:
:
:
:
: No. 2200 EDA 2022

Appeal from the Order Entered August 11, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-JV-0000789-2022

IN THE INTEREST OF: N.M., A : IN THE SUPERIOR COURT OF
MINOR : PENNSYLVANIA
:
:
:
APPEAL OF: N.M. :
:
:
:
:
:
: No. 2201 EDA 2022

Appeal from the Order Entered August 11, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-JV-0000790-2022

BEFORE:  STABILE, J., DUBOW, J., and SULLIVAN, J.

OPINION BY DUBOW, J.: **FILED FEBRUARY 29, 2024**

Appellant, N.M., appeals from the August 11, 2022 dispositional order that ordered Appellant to be committed to a residential facility after the juvenile court adjudicated him delinquent.  After careful review, we reverse.

On June 21, 2022, police arrested then-15-year-old Appellant for two separate incidents of alleged delinquent conduct and the Commonwealth charged Appellant under two unrelated delinquency petitions.

On July 1, 2022, the court held an adjudicatory hearing on both petitions. At the hearing, Appellant and the Commonwealth presented a tender to the juvenile court pursuant to Pa.R.J.C.P. 407. The terms of the tender included that Appellant would enter an admission on a subset of the charges[1] in each petition and the Commonwealth would recommend that Appellant be immediately released from juvenile detention to house restrictions with a GPS monitoring bracelet.

In the first petition at docket CP-51-JV-000789-2022, Appellant admitted that on May 19, 2022, at approximately 10:30 AM, Appellant, who is a student at High Road School, kicked through a glass door at the school causing damage to the door and frame, threatened a staff member ("Victim 1"), threw a Cigarillo at Victim 1, and smacked a cell phone out of Victim 1's hand. Additionally, Appellant admitted that he caused approximately $450 in damage to school property.

In the second petition at docket CP-51-JV-0000790-2022, Appellant admitted that on June 20, 2022, at approximately 11:15 PM, Appellant ran up to an individual ("Victim 2") who was retrieving items from his parked car, punched Victim 2 in the face knocking him to the ground, demanded Victim 2's keys, and drove away in Victim 2's car.

---

[1] Juvenile agreed to tender an admission to Simple Assault and Criminal Mischief at docket CP-51-JV-000789-2022 as well as Robbery and Theft by Unlawful Taking at docket CP-51-JV-0000790-2022. 18 Pa.C.S. §§ 2701(a)(1), 3304(a)(4), 3701(a)(1)(iv), 3921(a), respectively.

After hearing the tender, the juvenile court accepted Appellant's admissions but declined to accept the agreed-upon disposition of house monitoring. Instead, the court held Appellant for placement, stating: "This is a hold. I'll consider what probation says. This is a carjacking." N.T. Adj. Hearing, 7/1/22, at 12-13. Appellant made an oral motion to withdraw the admission on the grounds that the court rejected the tender. The court denied the request, and abruptly ended the hearing without stating findings or adjudicating Appellant delinquent. The juvenile court subsequently issued orders adjudicating Appellant delinquent on both dockets.

On July 1, 2022, Appellant filed a Motion to Withdraw Admission and for Recusal, which the court denied. On July 18, 2022, Appellant filed a motion for reconsideration, which the court denied. After multiple disposition hearings, on August 11, 2022, the juvenile court placed Appellant at a secure residential facility.

Appellant timely appealed. Both Appellant and the juvenile court complied with Pa.R.A.P. 1925.

In his statement of questions, Appellant raises the following broad issue for our review: "Did not the juvenile court abuse its discretion and err as a matter of law when it adjudicated [Appellant] delinquent and ordered him placed out of the home while disregarding the rules of juvenile court procedure and the Juvenile Act?" Appellant's Br. at 4. In his argument section, Appellant raises the following sub-issues for our review, averring that the juvenile court abused its discretion for the following reasons:

- 3 -

1. The juvenile court relied upon [Appellant]'s admission as a basis to rule upon the offenses, despite rejecting the tender, in violation of Rule 407(A)(3).

2. The juvenile court refused to allow [Appellant] to withdraw his admission prior to disposition in violation of Rule 407(A)(4).

3. The juvenile court entered a written adjudicatory order based solely on [Appellant]'s delinquent conduct and without conducting a hearing to determine whether [Appellant] was in need of treatment[,] supervision or rehabilitation in violation of Rule 409 and the Juvenile Act.

Appellant's Br. at 14, 22, 25.[2]  Notably, the Commonwealth agrees that the juvenile court abused its discretion for the above-stated reasons.  **See** Commonwealth's Br. at 6-16.

Our standard of review of dispositional orders in juvenile proceedings is well settled. The Juvenile Act grants broad discretion to juvenile courts when determining an appropriate disposition.  **In re C.A.G.**, 89 A.3d 704, 709 (Pa. Super. 2014). We will not disturb the juvenile court's disposition absent a manifest abuse of discretion.  **In Interest of J.G.**, 145 A.3d 1179, 1184 (Pa. Super. 2016).

Our Supreme Court has held that before a court may enter an adjudication of delinquency, the court "must determine (1) that the juvenile committed the delinquent acts alleged; *and* (2) that the juvenile is in need of treatment, supervision, or rehabilitation." **Commonwealth v. M.W.**, 614 Pa. 633, 640, 39 A.3d 958, 962 (Pa. 2012).  More specifically, if "the court

---

[2] Juvenile preserved these issues by raising them in his Rule 1925(b) statement.

- 4 -

concludes the juvenile committed the delinquent acts alleged in the delinquency petition, it must enter such finding on the record, specifying the particular offense, including the grading and counts thereof, which the juvenile is found to have committed." *Id.* at 962-63. "Upon finding the juvenile committed the delinquent acts ascribed to him, the court must then determine whether the juvenile is in need of treatment, supervision or rehabilitation." *Id.* at 962-63.

Before a juvenile court enters an adjudication, Section 6341 of the Juvenile Act provides, in relevant part, that after the juvenile court makes a finding that the child committed delinquent acts, "the court shall then proceed immediately or at a postponed hearing . . . to hear evidence as to whether the child is in need of treatment, supervision or rehabilitation, as established by a preponderance of the evidence, and to make and file its findings thereon." 42 Pa.C.S. § 6341(b); *see also* Pa.R.J.C.P. 409. Section 6341 explicitly states: "[i]n the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony shall be sufficient to sustain a finding that the child is in need of treatment, supervision or rehabilitation." *Id.*; *see also* Pa.R.J.C.P. 409 cmt.

Pennsylvania Rule of Juvenile Court Procedure 407 governs the procedure for admissions in juvenile delinquency proceedings and provides, in pertinent part, that "[a]t any time after a petition is filed, the juvenile may tender an admission to some or all of the delinquent acts charged."

- 5 -

Pa.R.J.C.P. 407(A). "If the parties agree upon the terms of an admission, the tender shall be presented to the court." *Id.* at 407(A)(2). The rule explicitly states, "[i]f the court accepts the tender, the court shall enter an order incorporating any agreement. If the court does not accept the tender, the case **shall proceed as if no tender has been made**." *Id.* at 407(A)(3) (emphasis added). The comment to the rule specifically reiterates that "[u]nder paragraph (A)(3), if the disposition agreed upon by the parties is unavailable or the court does not agree with the terms of the tender, the case is to proceed as if no tender had been made." *Id.* at 407 cmt. Finally, "[a]n admission may be withdrawn prior to the court entering the dispositional order. After the court has entered the dispositional order, an admission can be withdrawn only upon a demonstration of manifest injustice." *Id.* at 407(A)(4).

Appellant first avers that the juvenile court abused its discretion and violated Rule 407(A)(3) when the court relied upon Juvenile's admission as a basis to rule upon the offenses, despite rejecting the tender. Appellant's Br. at 14. Appellant argues that, pursuant to Rule 407, the terms of a tender must be "taken as a whole" and the court is limited to choosing between accepting or rejecting the whole tender. *Id.* at 16. Appellant further argues that Rule 407 does not offer a third option in which the juvenile court is able to accept an admission, reject the agreed-upon disposition, and use the admission as a basis for an adjudication of delinquency. *Id.* We agree.

Instantly, the juvenile court declined to accept the negotiated terms of the tender, which was within the court's discretion pursuant to Rule 407. However, once the court declined to accept the tender, Rule 407(A)(3) required the court to proceed "as if no tender has been made." Pa.R.J.C.P. 407(A)(3). Thus, after rejecting a tender, our rules require that a court proceed to an adjudicatory hearing and subsequent dispositional hearing where both parties can present evidence. Rule 407 does not permit the court to accept part of the tender and reject part of the tender.

Here, the court violated Rule 407(A)(3) by accepting part of the tender—namely the admission—and basing its adjudication of delinquency solely on Appellant's admission, without allowing Appellant to withdraw the admission and/or without accepting additional evidence from either party. This violation constitutes reversible error.[3]

Accordingly, we vacate the August 11, 2022 dispositional order, reverse the adjudication of delinquency, and remand the matter to the juvenile court for a new adjudicatory hearing consistent with this memorandum. In light of our disposition, we decline to address Appellant's remaining issues.

---

[3] The juvenile court asserts that it warned the parties it might not accept the tender by stating on the record, "Just so the record is clear all the admissions are open in this courtroom. Therefore, if I don't agree with your recommendations, I'll do what I think is appropriate." Trial Ct. Op., 1/10/23, at 3 (citing N.T. Adj. Hearing at 11-12). However, this "warning" was clearly made in error because the court impermissibly disregarded the procedures provided in Section 6341(b) and Rules 407 and 409.

Dispositional order vacated. Adjudication of delinquency reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/29/2024